UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODITHA O.,[1]<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br><br>    Defendant. | Case No. 20-cv-02985-TSH<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S MOTION TO REMAND**<br><br>Re: Dkt. Nos. 24, 27 |

## I.  INTRODUCTION

Plaintiff Roditha O. brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of Defendant Andrew Saul, Commissioner of Social Security, denying Plaintiff's claim for disability benefits. Plaintiff requests the Court grant summary judgment in her favor, reverse the decision of the Commissioner, and remand with instructions to award benefits. ECF Nos. 24 (Pl.'s Mot.) Defendant requests the Court remand for further administrative proceedings. ECF No. 27 (Def.'s Mot.). Pursuant to Civil Local Rule 16-5, the motions have been submitted without oral argument. Having reviewed the parties' positions, the Administrative Record ("AR"), and relevant legal authority, the Court hereby **REMANDS** this case for further administrative proceedings.

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

## II. BACKGROUND

**A.  Age, Education and Work Experience**

Plaintiff is 58 years old.  AR 158.  She has previous work experience as a nurse assistant.  AR 47.

**B.  Medical Evidence**

The parties do not dispute the characterization of the medical evidence provided in the Administrative Law Judge's decision of May 1, 2019.  AR 12-32.

## III. SOCIAL SECURITY ADMINISTRATION PROCEEDINGS

On August 15, 2017, Plaintiff filed a claim for Disability Insurance Benefits, alleging disability beginning on November 15, 2014.  AR 158.  Her onset date was later amended to her 55th birthday, April 28, 2017.  AR 45.  On September 21, 2017, the agency denied Plaintiff's claim, finding Plaintiff did not qualify for disability benefits.  AR 85.  Plaintiff subsequently filed a request for reconsideration, which was denied on February 16, 2018.  AR 93.  On March 29, 2018, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  AR 99-101.  ALJ Kevin Gill conducted a hearing on December 18, 2018.  AR 33-57.  Plaintiff testified in person at the hearing and was represented by counsel, Eric Patrick.  The ALJ also heard testimony from Vocational Expert Robin Scher.

**A.  Plaintiff's Testimony**

Plaintiff was injured on the job as a nursing assistant when a 200-pound patient fell on top of her.  AR 40-41.  She continues to experience pain in her shoulder, back of her neck and tingling and numbness down her lower back into her left leg all the way to her ankle.  AR 41-42.  Her pain is exacerbated when she carries items weighing 20 pounds or more, or does too much sitting, standing or walking.  AR 41.  The numbness in her leg affects her ability to walk.  AR 43.

Plaintiff drives one mile to church every day after dropping her son off at school and spends about 30 minutes there.  AR 38-39, 42, 43.  She only cooks simple items like fried eggs.  AR 42.  She walks for a block or two before needing to take a break and she lays down throughout the day to take breaks.  AR 43.  She does about an hour of work around the house before taking a 30-minute break to rest her leg, which is "dragging."  AR 43-44.  Her medications give her side

effects such as dizziness and nausea. AR 44.

**B.   Vocational Expert's Testimony**

Plaintiff's past work is categorized as Nurse Assistant, DOT code 355.674-014.[2]  AR 47. It requires medium exertion and an SVP of 4 (semi-skilled).[3]  *Id.*  Nursing Assistants have skills transferable to Companion jobs, DOT code of 309.677-010, which are light with an SVP of 3.  *Id.*  There are approximately 130,000 of these jobs nationally.  *Id.*  The specific transferable skills were "pretty basic skill that some people have and some people don't" of "being able to deal with stuff that people who need caretaking provide."  AR 52.  Additionally, the skill of "sitting" and "being a companion" as well as "the ability to deal with people who are asking something of you."  AR 53.

A companion job consists of being "a companion" and doing things like house chores, cooking, and transporting patients.  AR 54.  The vocational expert testified that "[m]aybe 50%" of companions perform cooking duties, but she was not sure exactly and was "just guessing."  AR 54-55.  The expert did not have an opinion as to how Plaintiff actually performed her prior work and was only answering as to how the work was generally performed.  AR 49.

If an individual were limited to lifting and carrying up to 20 pounds occasionally and 10 pounds frequently, they could not perform the work of a Nursing Assistant but could perform work as a Companion.  *Id.*  An individual could be off task for 15% of the day, in addition to normal breaks and still work, but they could not if they were off task for 25% of the day.  AR 50.

**C.   ALJ's Decision and Plaintiff's Appeal**

On May 1, 2019, the ALJ issued an unfavorable decision finding Plaintiff was not

---

[2] The Dictionary of Occupational Titles by the United States Department of Labor, Employment & Training Administration, may be relied upon "in evaluating whether the claimant is able to perform work in the national economy."  *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990). The DOT classifies jobs by their exertional and skill requirements and may be a primary source of information for the ALJ or Commissioner.  20 C.F.R. § 404.1566(d)(1).  The "best source for how a job is generally performed is usually the Dictionary of Occupational Titles."  *Pinto v. Massanari*, 249 F.3d 840, 846 (9th Cir. 2001).

[3] Specific Vocational Preparation: "The Dictionary of Occupational Titles lists an SVP time for each described occupation.  Using the skill level definitions in 20 C.F.R. §§ 404.1568 and 416.968, unskilled work corresponds to an SVP of 1-2; semi-skilled work corresponds to an SVP of 3-4; and skilled work corresponds to an SVP of 5-9 in the DOT."  Social Security Ruling 00-4p.

disabled. AR 12-32. This decision became final when the Appeals Council declined to review it on March 27, 2020. AR 1. Having exhausted all administrative remedies, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). On February 8, 2021, Plaintiff filed the present Motion for Summary Judgment. On April 6, 2021, Defendant filed a Motion to Remand.

### IV.   STANDARD OF REVIEW

42 U.S.C. § 405(g) provides this Court's authority to review the Commissioner's decision to deny disability benefits, but "a federal court's review of Social Security determinations is quite limited." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). "An ALJ's disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (citations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, ___ U.S. ___, 139 S. Ct. 1148, 1154 (2019) (simplified). It means "more than a mere scintilla, but less than a preponderance" of the evidence. *Garrison*, 759 F.3d at 1009 (citation omitted).

The Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Id.* (citation omitted). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Id.* at 1010 (citation omitted). If "the evidence can reasonably support either affirming or reversing a decision," the Court may not substitute its own judgment for that of the ALJ." *Id.* (citation omitted).

Even if the ALJ commits legal error, the ALJ's decision will be upheld if the error is harmless. *Molina v. Astrue*, 674 F.3d 1104, 1111, 1115 (9th Cir. 2012). "[A]n error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion." *Id.* at 1115 (simplified). But "[a] reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless." *Brown-Hunter*, 806 F.3d at 492. The Court is "constrained to

review the reasons the ALJ asserts." *Id.* (simplified).

## V. DISCUSSION

### A. Framework for Determining Whether a Claimant Is Disabled

A claimant is considered "disabled" under the Social Security Act if two requirements are met. *See* 42 U.S.C. § 423(d); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). First, the claimant must demonstrate "an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Second, the impairment or impairments must be severe enough that the claimant is unable to perform previous work and cannot, based on age, education, and work experience "engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

The regulations promulgated by the Commissioner of Social Security provide for a five-step sequential analysis to determine whether a Social Security claimant is disabled. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at steps one through four. *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020) (citation omitted).

At step one, the ALJ must determine if the claimant is presently engaged in a "substantial gainful activity," 20 C.F.R. § 404.1520(a)(4)(i), defined as "work done for pay or profit that involves significant mental or physical activities." *Ford*, 950 F.3d at 1148 (internal quotations and citation omitted). Here, the ALJ determined Plaintiff had not performed substantial gainful activity since April 27, 2017, the alleged onset date. AR 17.

At step two, the ALJ decides whether the claimant's impairment or combination of impairments is "severe," 20 C.F.R. § 404.1520(a)(4)(ii), "meaning that it significantly limits the claimant's 'physical or mental ability to do basic work activities.'" *Ford*, 950 F.3d at 1148 (quoting 20 C.F.R. § 404.1522(a)). If no severe impairment is found, the claimant is not disabled. 20 C.F.R. § 404.1520(c). Here, the ALJ determined Plaintiff had the following severe impairments: spine disorder, arthrosis of the left shoulder, carpal tunnel syndrome of the left wrist, coronary artery disease, and obesity. AR 17.

At step three, the ALJ evaluates whether the claimant has an impairment or combination of impairments that meets or equals an impairment in the "Listing of Impairments" (referred to as the "listings"). *See* 20 C.F.R. § 404.1520(a)(4)(iii); 20 C.F.R. Pt. 404 Subpt. P, App. 1. The listings describe impairments that are considered "to be severe enough to prevent an individual from doing any gainful activity." *Id.* § 404.1525(a). Each impairment is described in terms of "the objective medical and other findings needed to satisfy the criteria of that listing." *Id.* § 404.1525(c)(3). "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (footnote omitted). If a claimant's impairment either meets the listed criteria for the diagnosis or is medically equivalent to the criteria of the diagnosis, he is conclusively presumed to be disabled, without considering age, education and work experience. 20 C.F.R. § 404.1520(d). Here, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets the listings. AR 19.

If the claimant does not meet or equal a listing, the ALJ proceeds to step four and assesses the claimant's residual functional capacity ("RFC"), defined as the most the claimant can still do despite their imitations (20 C.F.R. § 404.1545(a)(1)), and determines whether they are able to perform past relevant work, defined as "work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 404.1560(b)(1). If the ALJ determines, based on the RFC, that the claimant can perform past relevant work, the claimant is not disabled. *Id.* § 404.1520(f). Here, the ALJ determined Plaintiff has the RFC to perform light work[4] with additional limitations: "The claimant can lift and carry[] twenty pounds occasionally, ten pounds frequently. She can frequently stoop and crawl. She cannot perform overhead work on the left non-dominant side." AR 20. Based on

---

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967.

1  this RFC, the ALJ determined Plaintiff could not perform past relevant work.  AR 24.

2  At step five, the burden shifts to the agency to prove that "'the claimant can perform a
3  significant number of other jobs in the national economy.'"  *Ford*, 950 F.3d at 1149 (quoting
4  *Thomas v. Barnhart*, 278 F.3d 947, 955 (9th Cir. 2002)).  To meet this burden, the ALJ may rely
5  on the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404 Subpt. P, App. 2,[5] commonly known as
6  "the grids," or on the testimony of a vocational expert.  *Ford*, 950 F.3d at 1149 (citation omitted).
7  "[A] vocational expert or specialist may offer expert opinion testimony in response to a
8  hypothetical question about whether a person with the physical and mental limitations imposed by
9  the claimant's medical impairment(s) can meet the demands of the claimant's previous work,
10  either as the claimant actually performed it or as generally performed in the national economy."
11  20 C.F.R. § 404.1560(b)(2).  An ALJ may also use other resources such as the DOT.  *Id.*  Here,
12  the ALJ determined Plaintiff could work in one other position, Companion, DOT 309.677-010.
13  AR 26-27.

14  **B.     Discussion**

15  Plaintiff raises one issue on appeal: As she met her prima facie case for disability at steps
16  one through four of the sequential evaluation process, she argues it was reversible error to deny
17  her claim on the basis of transferable skills where those skills only transferred to one occupation.
18  Pl.'s Mot. at 2.  The Court agrees.

19  As noted above, at step five the agency may meet its burden by relying on the testimony of
20  a vocational expert or by reference to the grids.  However, where a claimant suffers from
21  exertional limitations, as is the case here, "the ALJ must consult the grids first."  *Lounsburry v.*
22  *Barnhart*, 468 F.3d 1111, 1115 (9th Cir. 2006) (citing *Cooper v. Sullivan*, 880 F.2d 1152, 1155
23  (9th Cir. 1989)).  "And conspicuously, 'where application of the grids directs a finding of

---

[5] The grids "present, in table form, a short-hand method for determining the availability and numbers of suitable jobs for a claimant." *Lounsburry*, 468 F.3d at 1114-15 (citing *Tackett*, 180 F.3d at 1101.  They consist of three tables, for sedentary work, light work, and medium work, and a claimant's place on the applicable table depends on a matrix of four factors: a claimant's age, education, previous work experience, and physical ability.  *Id.*  "For each combination of these factors, [the grids] direct a finding of either 'disabled' or 'not disabled' based on the number of jobs in the national economy in that category of physical-exertional requirements."  *Id.*

*disability*, that finding must be accepted by the Secretary . . . whether the impairment is exertional or results from a combination of exertional and non-exertional limitations." *Id.* at 1115-16 (quoting *Cooper*, 880 F.2d at 1157) (emphasis added in *Lounsburry*). "It is Social Security Administration policy that the ALJ may not look to other evidence to rebut this conclusion." *Id.* at 1116 (citing Soc. Sec. Rul. 83-5a). "Under no circumstances may a vocational expert's testimony supplant or override a disability conclusion dictated by the Guidelines." *Id.* (citing *Swenson v. Sullivan*, 876 F.2d 683, 688 (9th Cir. 1989)).

The record establishes that Plaintiff is limited to light work, has reached "advanced age" (55 years and older), can no longer perform her past relevant work, and has a transferable skill. AR 17-26. Because she has transferrable skills, Plaintiff's case is controlled by grid Rule 202.07, which generally directs a finding of "not disabled." *See* 20 C.F.R. pt. 404, subpt. P, app. 2, Rule 202.07; *Lounsburry*, 468 F.3d. at 1116. However, footnote 2 to Rule 202.07 directs that Rule 202.00(c) also governs whether a claimant like Plaintiff is disabled. *See Lounsburry*, 468 F.3d at 1116 ("[T]he ALJ misapplied Rule 202.07 by failing to consider fully the effect of Rule 202.00(c)."); *Maxwell v. Saul*, 971 F.3d 1128, 1131 (9th Cir. 2020). Rule 202.00(c) provides:

> [F]or individuals of advanced age who can no longer perform vocationally relevant past work and . . . who have only skills that are not readily transferable to a *significant range* of semi-skilled or skilled work that is within the individual's functional capacity, . . . the limitations in vocational adaptability represented by functional restriction to light work warrant a finding of disabled.

20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.00(c) (emphasis added). "In other words, if such a claimant's skills are not readily transferable to a 'significant range of . . . work,' the ALJ must find her disabled." *Maxwell*, 971 F.3d at 1131. "Rule 202.00(c) recognizes 'that the most difficult problem that a claimant such as [Plaintiff] faces is that of adapting to a new job.'" *Id.* (quoting *Cooper*, 880 F.2d at 1157.

In *Lounsburry*, the Ninth Circuit analyzed "the meaning of the phrase 'significant range of work.'" 468 F.3d at 1117. In that case, the vocational expert identified only one occupation that the claimant could pursue. *Id.* The Ninth Circuit concluded that one occupation could not constitute a significant range of work because Social Security Ruling 83-10 "defines the phrase,

8

1  'Range of Work,' as: 'All or substantially all occupations existing at an exertional level,'" and a

2  sole occupation could not possibly constitute a "range." *Id.* Accordingly, the Ninth Circuit held

3  that "the phrase 'significant range of . . . work' in Rule 202.00(c) . . . require[s] a *significant*

4  *number of occupations.*" *Id.* (emphasis added). Although it did not decide the exact number of

5  occupations required to constitute a significant range, it later held in *Maxwell* that two occupations

6  also do not constitute a significant range of work:

> Since a "range" requires more than one occupation, a "significant range" must require more than two; to interpret "significant range" to mean only "range" would nullify the concept of "significant." *Lounsburry*, 468 F.3d at 1117; *see also* Merriam Webster Dictionary, available at https://www.merriam-webster.com/dictionary/significant (defining "significant" as "a noticeably or measurably large amount").

11 *Maxwell*, 971 F.3d at 1131. Although the Ninth Circuit has not adopted a bright-line rule for the

12 number of occupations required to constitute a "significant range," it is clear that more than two

13 are required.

14  Here, the ALJ found that Plaintiff's skills would transfer to only one other occupation. AR

15 25-26. Thus, as the ALJ failed to find a significant range of occupations available to Plaintiff

16 based on her transferable skills, he would be required to find her disabled according to the grid

17 rules if there are not, in fact, a significant range of occupations available. 20 C.F.R. Pt. 404,

18 Subpt. P, App. 2, Rule 202.00(c); *Lounsburry*, 468 F.3d at 1116-17. The law is unambiguous in

19 the Ninth Circuit on this issue, and it was reversible error for the ALJ to find that transferable

20 skills to the single occupation of companion was enough to find that Plaintiff did not qualify as

21 disabled.

22 **C.   Remedy**

23  The remaining question is whether to remand for further administrative proceedings or for

24 the immediate payment of benefits under the credit-as-true doctrine. "When the ALJ denies

25 benefits and the court finds error, the court ordinarily must remand to the agency for further

26 proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th

27 Cir. 2017) (citing *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

28 However, under the credit-as-true rule, the Court may order an immediate award of benefits if

9

1   three conditions are met.  First, the Court asks, "whether the 'ALJ failed to provide legally

2   sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'"  *Id.*

3   (quoting *Garrison*, 759 F.3d at 1020).  Second, the Court must "determine whether there are

4   outstanding issues that must be resolved before a disability determination can be made, . . . and

5   whether further administrative proceedings would be useful."  *Id.* (citations and internal quotation

6   marks omitted).  Third, the Court then "credit[s] the discredited testimony as true for the purpose

7   of determining whether, on the record taken as a whole, there is no doubt as to disability."  *Id.*

8   (citing *Treichler*, 775 F.3d at 1101).

9          It is only "rare circumstances that result in a direct award of benefits" and "only when the

10  record clearly contradicted an ALJ's conclusory findings and no substantial evidence within the

11  record supported the reasons provided by the ALJ for denial of benefits."  *Id.* at 1047.  Further,

12  even when all three criteria are met, whether to make a direct award of benefits or remand for

13  further proceedings is within the district court's discretion.  *Id.* at 1045(citing *Treichler*, 775 F.3d

14  at 1101).  While all three credit-as-true factors may be met, the record as a whole could still leave

15  doubts as to whether the claimant is actually disabled.  *Trevizo v. Berryhill*, 871 F.3d 664, 683

16  n.11 (9th Cir. 2017).  In such instances, remand for further development of the record is

17  warranted.  *Id.*

18         Defendant agrees that one occupation does not constitute a significant range of work.

19  Def.'s Mot. at 2 (citing *Lounsburry*, 468 F.3d at 1117; *Maxwell*, 971 F.3d at 1131).  However, he

20  argues further proceedings are necessary so that an ALJ can solicit vocational expert testimony to

21  determine whether the skills that Plaintiff acquired from her past relevant work are transferable to

22  two or more occupations in addition to companion, DOT 309.677-010.  Plaintiff argues this case

23  must be remanded for payments of benefits because the vocational expert testified as to the

24  transferability of skills to the exact same, singular occupation of Companion, and the ALJ

25  accepted that testimony.  Reply at 2.  The Court agrees with Defendant.

26         The Court finds the ALJ failed to fully and fairly develop the record when evaluating

27  Plaintiff's disability claim, and it is therefore not clear that the ALJ would be required to find

28  Plaintiff disabled.  The ALJ asked whether Plaintiff had skills transferable to another occupation,

and while the vocational expert identified one, she did not testify that it was the sole light work occupation to which Plaintiff's skills could transfer. *See* AR 20, 24-25, 46-49. Thus, the record must be further developed to determine whether Plaintiff (1) could perform a significant range of semi-skilled or skilled work and is therefore not disabled, or (2) cannot perform a significant range semi-skilled or skilled work and is therefore disabled. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rules 202.00(c), 202.07; *Maxwell*, 971 F.3d at 1131; *Lounsburry*, 468 F.3d at 1117. While "[t]he identification of two occupations cannot satisfy the 'significant range of work' requirement," *Maxwell*, 971 F.3d at 1132, it is not clear that Plaintiff would be so limited. Accordingly, remand for further proceedings is appropriate.

## VI.   CONCLUSION

For the reasons stated above, the Court **REMANDS** this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The Court shall enter a separate judgment in favor of Plaintiff, after which the Clerk of Court shall terminate the case.

**IT IS SO ORDERED.**

Dated: April 19, 2021

THOMAS S. HIXSON
United States Magistrate Judge